IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SURE SPORTS, LLC

    Plaintiff,

v.                                                        C.A. No. 21-cv-61538

KEMAR LAWRENCE,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Sure Sports, LLC ("Sure Sports"), by and through undersigned counsel, hereby sues Kemar Lawrence ("Lawrence"), and in support thereof, states as follows:

### Parties

1. Sure Sports is a Pennsylvania Limited Liability Company duly authorized to operate within the State of Florida, with a principal place of business located at 216 Hollywood Blvd., Suite 116, Hollywood, FL 33020.

2. Lawrence is a permanent resident of the United States, residing at 164 S. Harrison Street, Unit 2-D, East Orange, NJ 07018.

### Jurisdiction and Venue

3. This matter is within the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a). The parties are diverse, and the amount in controversy exceeds $75,000.00

4. Venue is proper in this District pursuant to the contract in dispute, which states,

> This Promissory Note shall be governed by the internal laws of the State of Florida. In any litigation in any way relating to this Promissory Note or any of the Financial Transaction Documents, Borrower hereby consents to the jurisdiction of the Southern District Court of Fort Lauderdale, State of Florida having jurisdiction.

Invalidity of any provision of this Promissory Note shall not affect the validity of any other provision.

## Background

5. On January 24, 2020, Lawrence entered into a commercial Promissory Note with Balanced Bridge Funding, LLC ("BBF"). A true and correct copy of the Promissory Note is attached hereto as **Exhibit A**.

6. On June 21, 2021, BBF and Sure Sports executed a Note Purchase and Sale Agreement, pursuant to which BBF agreed to sell, transfer, and assign to Sure Sports all of BBF's right, title, and interest in and to the Promissory Note. A true and correct copy of the Note Purchase and Sale Agreement is attached hereto as **Exhibit B**.

7. As a result of the execution of the Note Purchase and Sale Agreement, Sure Sports is the assignee and owner of all rights (including, but not limited to enforcement rights) provided under the Promissory Note.

8. According to Note Purchase and Sale Agreement, Lawrence's unpaid balance under the Promissory Note at the time of Sure Sports' purchase thereof is $117,614.00 ("Amount Owed").

9. Sure Sports has tried on repeated occasion to secure Lawrence's performance of obligations in accordance with the terms set forth in the Promissory Note, including, but not limited to, payment of the Amount Owed.

10. As a result of Sure Sport's assumption of, and Lawrence's failure to abide by, the Promissory Note, Sure Sports has incurred damages in the Amount Owed, plus (i) default interest calculated at the rate of 6% in addition to the interest then in effect (i.e. 15%, as stated in the Note), and (ii) late fees in the amount of 10% of the past due amount, in addition to attorney's fees and costs incurred in enforcing Sure Sports' rights under the Loan Documents.

## **Count I – Breach of Contract**

11. Sure Sports incorporates by reference Paragraphs 1 – 10 of the Complaint as if set forth herein, and further alleges:

12. As assigned to Sure Sports, the Promissory Note constitutes a valid and binding agreement between Sure Sports and Kemar Lawrence.

13. Lawrence is in default of the Promissory Note as a result of committing numerous breaches of Lawrence's obligations thereunder, including, but not limited to, failure to make payment in accordance with the repayment terms.

14. Lawrence has failed to cure Lawrence's default under the Promissory Note.

15. As a direct and proximate result of Lawrence's breach of the Promissory Note, Sure Sports has suffered damages in the amount of $117,614.00, plus default interest.

16. Section 13 of the Promissory Note states,

> Borrower agrees to pay all costs of enforcement of the terms of this Promissory Note and the costs of enforcement of the terms of any of the Financial transaction Documents and costs of collection, including reasonable attorneys' fees, that Lender incurs in connection with any default hereunder or under any of the Financial transaction Documents (whether before or after any cure). Additionally, Borrower agrees to pay all costs, fees and expenses, including reasonable attorneys' fees, that Lender incurs, before or after any default, in endeavoring to protect, enforce and realize on this Promissory Note or any one of the Financial transaction Documents or as result of any litigation or other action in which Lender becomes involved as a party, witness or otherwise as a result of or in any way relating to this Promissory Note, and of the Financial transaction Documents or the Loan being made to Borrower. Any and all such costs paid or incurred by Lender shall bear interest at the same rate set forth herein for the principal balance due hereunder and shall become due and payable immediately upon demand by Lender

Based thereon, Sure Sports is entitled to additional damages in the amount of attorney's fees and costs incurred and post-judgment interest for the purpose of enforcing Sure Sports' rights under the Promissory Note.

**WHEREFORE**, Sure Sports respectfully requests the Court:

a. Enter judgment against Lawrence for breach of the Promissory Note;

b. Award damages to Sure Sports in the amount of $117,614.00, plus default interest and late payment fees;

c. Award Sure Sports' attorney's fees and costs;

d. Award Sure Sports' post-judgment interest; and

e. Grant such other and further relief as may be appropriate under the circumstances.

July 27, 2021                                                         Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: _____
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com