EXHIBIT A
PROMISSORY NOTE

$70,000.00                                                                                                                          January 24, 2020

**FOR VALUE RECEIVED**, Kemar M. Lawrence, whose resides at 164 S. Harrison St., Unit 2-D, East Orange, NJ 07018 and its representatives, successors and assigns, (collectively, the "Borrower"), promises to pay to Balanced Bridge Funding, LLC a Delaware Limited Liability Company with its principal offices located at Life Time Work, Suite 416, 40 E. Montgomery Ave., Ardmore, PA 19003 ("Lender"), or its assigns, at Lender's address, or at such place as Lender designates from time to time, the principal sum of $70,000.00 (Seventy Thousand and 0/100 Dollars) ("Repayment Amount") in lawful money of the United States of America, together with interest thereon, as described in this Promissory Note (the "Loan"). Unless the term of this Promissory Note is extended by the Lender, the entire then remaining outstanding principal balance of the Loan and all accrued but unpaid interest shall be due and payable on December 24, 2020 (the "Maturity Date"). This Promissory Note is subject to the terms and provisions of that certain Secured Financial Transaction and Security Agreement No. 4 by and between Borrower and Lender dated January 24, 2020 (the "Agreement"). The provisions of the Agreement are incorporated herein by reference.

1. **Payments**. Borrower shall make interest payments on the principal balance of the Loan outstanding from time to time at the fixed interest rate of Fifteen Percent (15%) per annum together with such portion of the principal as is included in the scheduled payments according to the following schedule:

| Payment | Date | Interest | Principal | Total |
|---|---|---|---|---|
| 1 | 24-Feb-20 | $0.00 | $0.00 | $0.00 |
| 2 | 24-Mar-20 | $0.00 | $0.00 | $0.00 |
| 3 | 24-Apr-20 | $0.00 | $0.00 | $0.00 |
| 4 | 24-May-20 | $0.00 | $0.00 | $0.00 |
| 5 | 24-Jun-20 | $0.00 | $0.00 | $0.00 |
| 6 | 24-Jul-20 | $0.00 | $0.00 | $0.00 |
| 7 | 24-Aug-20 | $0.00 | $0.00 | $0.00 |
| 8 | 24-Sep-20 | $0.00 | $0.00 | $0.00 |
| 9 | 24-Oct-20 | $0.00 | $0.00 | $0.00 |
| 10 | 24-Nov-20 | $0.00 | $0.00 | $0.00 |
| 11 | 24-Dec-20 | $0.00 | $70,000.00 | $70,000.00 |
|  |  | $0.00 | $70,000.00 | $70,000.00 |

Interest shall accrue and compound monthly.

2. **Prepayment of Principal**. During the entire term of the Loan, prepayment of all or part of the principal may be made by Borrower without penalty; *provided, however* that, except for payments occurring as a result of the acceleration by Lender of the principal amount of this Promissory Note, all such principal prepayments shall be in even multiples of ONE THOUSAND and no/100 DOLLARS US ($1,000.00 US). Prepayments shall be applied against the outstanding monthly interest payment before prepayments are applied to the principal balance of the Loan. As used herein, the term prepayment shall include all voluntary payments and all payments occurring as a result of the acceleration by Lender of the principal amount of this Promissory Note.

3. **Loan Documents**. This Promissory Note is secured by:

14

(a) The Agreement creating a security interest in all of the Pledged Payments specifically those derived from (i) Borrower's professional Major League Soccer Standard Player Agreement with the Red Bulls, the address or Borrower's contract with any future contract holder and (ii) any other subsequent contract or arrangement pursuant to which the Borrower enters into in respect of services performed by Borrower for playing professional soccer.

This Promissory Note, the Agreement, and such other related documents are collectively referred to in this Promissory Note as the "Financial Transaction Documents."

4. **Default**. A breach of any of the terms of this Promissory Note by Borrower or a default by Borrower hereunder shall constitute a default under any of the Financial Transaction Documents ; a default by Borrower or any guarantor under an of the Financial transaction Documents shall constitute a default under this Promissory Note (each an "Event of Default"). Upon the occurrence of an Event of Default the entire outstanding balance of principal and accrued interest, together with all other amounts payable hereunder and/or under any one or more of the Financial Transaction Documents and all costs and reasonable attorneys' fees incurred by Lender in collecting or enforcing the terms of the Financial transaction Documents and/or the payment of such amounts, shall be due and payable at the option of Lender, without further notice, which notice Borrower waives.

5. **Consent to Extension, Etc.** From time to time, without affecting any of the obligations of Borrower under this Note, without giving notice to or obtaining the consent of Borrower, and without liability on the part of Lender, Lender may, at Lender's sole and absolute discretion, extend the maturity of this Note, or any payment due under this Note, reduce the amount of any payments under this Note, release anyone liable on any amount due under this Note, accept a renewal of this Note, modify the terms of payment of any amounts due under this Note, join in any extension or subordination agreement, release any security for the Note, or take or release any other or additional security.

6. **Extension.** Lender acknowledges that Borrower may exercise rights to invoke a later Maturity Date, pending Lender's approval, as follows ("Extension Option"): the maturity date of the Note shall be automatically extended for one (1) additional six (6) month period (the "Extension Period"). Once the maturity date has passed, the terms and conditions of this Note shall extend as provided herein as long as: (i) Borrower hasn't repaid the Loan in accordance with the terms of this Note; or (ii) Borrower has requested an extension to be made at least thirty (30) days before the Maturity Date and Lender has accepted the request. Upon Lender's rejection of the extension, the Maturity Date will be enforced and the term of this Note shall be deemed expired. In the event Lender accepts the Borrower's request for an extension, for each extension of the Term, Borrower shall pay an additional Ten percent (10%) ("Extension Interest") on the remaining Principal Amount and any and all interest incurred thereon. The Extension Interest shall apply upon the beginning of the Extension Period.

7. **Late Charge**. If any payment of principal, interest or any other sums due in full to Lender hereunder or under any one or more of the Financial Transaction Documents is not received by Lender within five (5) calendar days from the date it is due, including the payment due on the Maturity Date, at the option of the Lender, a late charge in an amount equal to the greater of 10% of the late regularly scheduled principal and interest payments or the sum of $250.00 shall be due from Borrower (the "Late Charges"). The Late Charges shall continue to apply retroactively to all previous months' late payments and there shall be no grace period for any subsequent month where a Late Charge for the previous is owed. Borrower agrees and acknowledges that the Late Charges constitute an administrative fee and are not interest for any purpose. The Late Charges shall apply individually to all payments past due, including the final balloon payment of principal due hereunder, and no daily pro rata adjustment shall be made. Until the Late Charges are paid, they shall accrue interest at the same rate as is then in effect under this Promissory Note. If and of the Loan Amount is still outstanding thirty (30) days after the Late Charges are assessed, Lender will begin the procedure to garnish Borrower's wages. Should default be made in the payment of any amount due under this

15

Promissory Note on the date it is due and if such default is not cured prior to the expiration of five (5) days following Lender's delivery of written notice of such default to Borrower, then Lender may, at its election, declare all of the principal and interest immediately due and payable without notice, presentation or demand for payment.

8. **Increase in Interest Rate**. In addition to the Late Charges, in the event of a default in the payment of any monthly installment of principal and/or interest due hereunder on the date on which it is due, and which default continues for a period of ten (l0) days, said unpaid interest shall accrue interest at the rate of 6% above the rate of interest specified in the Promissory Note (the resulting interest rate not to exceed the maximum rate of interest permissible by applicable law) beginning on the date upon which said payment was due and said interest shall continue to accrue and compound monthly.

9. **Bonus Income from Borrower's Contract.** Until full payment of the Loan, including, without limitation, any and all interest incurred thereon and any other Obligations of Borrower, Borrower agrees that Lender shall receive Sixty Percent (60%) of all bonuses due and payable to Borrower from Borrower's MLS Contract regardless of when and how paid. For purposes of this Note, "Bonus Income" shall mean any and all bonus due and payable to Borrower pursuant to the MLS Contract, including, without limitation, signing bonus, and any and all other bonuses, incentives, and other bonus monies due and payable to Borrower therefrom. Borrower shall make Payment of Income to Lender to the account set forth in subsection 7 within five (5) days of Borrower's receipt therefor. Failure to make Payment as set forth herein shall constitute an Event of Default under this Note.

10. **Application of Payments**. All payments shall be applied in the following order: i) first to costs of collection as set forth in section 10, below, ii) next to Late Charges and prepayment fee, if any, iii) next, to the repayment of the Loan by Lender (as described below) for the benefit of Borrower, plus interest on the Loan at the rate set forth herein above iv) next, to accrued interest on the principal of this Promissory Note, and v) next, to principal.

11. **Waivers**. Borrower, and any guarantors and endorsers, for themselves and their legal representatives, successors and assigns, severally waive presentment for payment, protest, demand and notice of presentment, notice of protest, demand and dishonor and nonpayment of this Promissory Note.

12. **Maximum Rate of Interest**. No provision of this Promissory Note or any of the other the Financial transaction Documents shall be deemed to require Borrower to pay or be liable for the payment of interest in excess of the maximum legal rate of interest (if there is any maximum) allowable under applicable law. If for any reason interest in excess of such amount will have been paid under this Promissory Note, as a result of acceleration or otherwise, any such excess shall constitute and be treated as a payment of principal under this Promissory Note, and shall reduce the principal balance of this Promissory Note by the amount of such excess, or if in excess of the principal balance, such excess shall be refunded.

13. **Costs of Enforcement**. Borrower agrees to pay all costs of enforcement of the terms of this Promissory Note and the costs of enforcement of the terms of any of the Financial transaction Documents and costs of collection, including reasonable attorneys' fees, that Lender incurs in connection with any default hereunder or under any of the Financial transaction Documents (whether before or after any cure). Additionally, Borrower agrees to pay all costs, fees and expenses, including reasonable attorneys' fees, that Lender incurs, before or after any default, in endeavoring to protect, enforce and realize on this Promissory Note or any one of the Financial transaction Documents or as result of any litigation or other action in which Lender becomes involved as a party, witness or otherwise as a result of or in any way relating to this Promissory Note, and of the Financial transaction Documents or the Loan being made to Borrower. Any and all such costs paid or incurred by Lender shall bear interest at the same rate set forth herein for the principal balance due hereunder and shall become due and payable immediately upon demand by Lender.

14. **Nature of Obligations**. Borrower is obligated to pay the principal, interest, late charges and prepayment premium, if any, on this Promissory Note and any other sums payable hereunder and under any of the Financial transaction

16

Documents, and Lender shall have full recourse against Borrower and all of Borrower's property of every kind or nature whatsoever and wherever located in the collection of the amounts due under this Promissory Note and/or under the Financial Transaction Documents. If this Promissory Note is signed by more than one maker, the singular includes the plural, and the makers of this Promissory Note are jointly and severally liable for all obligations described in this Promissory Note.

15. **Applicable Law; Severability**. This Promissory Note shall be governed by the internal laws of the State of Florida. In any litigation in any way relating to this Promissory Note or any of the Financial Transaction Documents, Borrower hereby consents to the jurisdiction of the Southern District Court of Fort Lauderdale, State of Florida having jurisdiction. Invalidity of any provision of this Promissory Note shall not affect the validity of any other provision. Without affecting the liability of Borrower, or any guarantor or endorser, Lender may, without notice, renew or extend the time for payment, accept partial payments, release or impair any security for the payment of this Promissory Note, agree not to sue any party liable under this Promissory Note or any one or more of the Financial Transaction Documents, or otherwise modify the terms of payment of all or any part of the indebtedness evidenced by this Promissory Note. Waiver of any default shall not constitute a waiver of any subsequent default.

16. **Transferability; Modification.** Lender may freely transfer and assign this Promissory Note. This Promissory Note may only be modified, extended or discharged by a written agreement executed by the party against whom enforcement of any modification, extension or discharge is sought.

17. **WAIVER OF RIGHT TO TRIAL BY JURY**. TO THE FULLEST EXTEND ALLOWED BY LAW, BORROWER HEREBY WAIVES TRIAL BY JURY IN ANY SUIT OR LEGAL OR ADMINISTRATIVE PROCEEDING IN CONNECTION WITH THIS AGREEMENT, THIS PROMISSORY NOTE OR ANY OTHER DOCUMENT EXECUTED IN CONNECTION WITH THE LOAN TRANSACTION CONTEMPLATED UNDER THIS PROMISSORY NOTE OR ANY OTHER DOCUMENTS OR TRANSACTIONS CONTEMPLATED OR REFERRED TO HEREIN, INCLUDING, WITHOUT LIMITATION, TRIAL BY JURY WITH RESPECT TO ANY THIRD PARTY IN ANY LAWSUIT OR PROCEEDING IN WHICH THE BORROWER, THE LENDER AND OR ANY GUARANTOR(S) ARE PARTIES.

18. **Consent to Garnishment**. The Borrower hereby consents to the issuance of a Writ of Garnishment and the garnishment of Borrower's accounts and wages in the enforcement of any collection action taken by Lender in connection with the enforcement of the terms of this Promissory Note or any one or more of the Financial Transaction Documents.

19. **Time**. Time shall be deemed to be of the essence of this Promissory Note and of each covenants, agreements and conditions to be performed hereunder.

20. **Binding Effect**. This terms, conditions, representations, warranties and covenants of this Promissory Note shall be binding upon the Borrower and shall inure to the benefit of the Lender, and their respective successors, representatives, heirs, devisees, administrators, successors and assigns.

21. **Conduct Not a Waiver**. No waiver of default by Lender shall be effective unless in writing signed by Lender and a waiver of any default by Lender or any forbearance of the enforcement of its rights under this Promissory or under any of the Financial Transaction Documents or any other document executed in connection with this loan transaction contemplated under this Promissory Note, shall not operate as a waiver of any other right or of any subsequent default or the same default on any future occasion.

22. **Remedies Cumulative**. No right or remedy conferred upon or reserved to Lender hereunder is intended to be exclusive of any other right or remedy and every right and remedy shall be cumulative and in addition to every other right or remedy given or reserved hereunder or under applicable law. Every right or remedy under this Promissory

17

Note or any other document executed in connection with the loan transaction contemplated under this Promissory Note, or under applicable law may be exercised as may be deemed necessary or convenient by Lender.

This Promissory Note has been executed and is effective on the date(s) set forth below.

BORROWER: KEMAR M. LAWRENCE

By: _Kemar Michael Lawrence_          Date: 01/24/2020
    Signed on 2020/01/24 15:03:53 -5:00
            Borrower

Notary acknowledgement appears on the next page

STATE OF _____ }:
                                                        SS:
COUNTY OF _____ }

On this, the _____ day of _____, 20____, before me _____, the undersigned officer, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that _____ (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
       Notary Public

Printed Name: _____

My Commission Expires: _____

19

DocVerify ID: 7B6889D4-DA52-4CE8-A474-8603549D5E35
www.docverify.com
Page 21 of 29    218603549D5E35
7B6889D4-DA52-4CE8-A474-8603549D5E35 --- 2020/01/24 14:26:46 -5:00 --- Remote Notary

EXHIBIT B

PLEDGED PAYMENTS

All of Borrower's right, title, and interest in and to the Pledged Payments and the Borrower's right, title and interest in and to receive the Pledged Payments as defined under that certain Financial Secured transaction and Security Agreement dated as of January 24, 2020, and any amendments or additions thereto.

| Payment | Date | Interest | Principal | Total |
|---|---|---|---|---|
| 1 | 24-Feb-20 | $0.00 | $0.00 | $0.00 |
| 2 | 24-Mar-20 | $0.00 | $0.00 | $0.00 |
| 3 | 24-Apr-20 | $0.00 | $0.00 | $0.00 |
| 4 | 24-May-20 | $0.00 | $0.00 | $0.00 |
| 5 | 24-Jun-20 | $0.00 | $0.00 | $0.00 |
| 6 | 24-Jul-20 | $0.00 | $0.00 | $0.00 |
| 7 | 24-Aug-20 | $0.00 | $0.00 | $0.00 |
| 8 | 24-Sep-20 | $0.00 | $0.00 | $0.00 |
| 9 | 24-Oct-20 | $0.00 | $0.00 | $0.00 |
| 10 | 24-Nov-20 | $0.00 | $0.00 | $0.00 |
| 11 | 24-Dec-20 | $0.00 | $70,000.00 | $70,000.00 |
| | | $0.00 | $70,000.00 | $70,000.00 |

Until full payment of the Loan, including, without limitation, any and all interest incurred thereon and any other Obligations of Borrower, Borrower agrees that Lender shall receive Sixty Percent (60%) of all bonuses due and payable to Borrower from Borrower's MLS Contract regardless of when and how paid. For purposes of this Note, "Bonus Income" shall mean any and all bonus due and payable to Borrower pursuant to the MLS Contract, including, without limitation, signing bonus, and any and all other bonuses, incentives, and other bonus monies due and payable to Borrower therefrom. Borrower shall make Payment of Income to Lender to the account set forth in subsection 7 within five (5) days of Borrower's receipt therefor. Failure to make Payment as set forth herein shall constitute an Event of Default under this Note.