IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SURE SPORTS, LLC

     Plaintiff,

                                C.A. No. 21-cv-61538

v.

KEMAR LAWRENCE,

     Defendant.

_____/

## **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

Plaintiff, SURE SPORTS, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, hereby submits this Motion for Final Default Judgment against Defendant, Kemar Lawrence ("Defendant"), and, in support thereof, states as follows:

1.      On June 27, 2021, Plaintiff filed a Complaint against Defendant seeking damages due to Defendant's breach of the terms and conditions set forth in the Promissory Note attached as **Exhibit A** to the Complaint. *See* [D.E. 1].

2.      On June 28, 2021, the Clerk issued a Summons directed to Defendant. *See* [D.E. 3].

3.      Defendant was served with Complaint, Summons, and accompanying exhibits on January 27, 2022. Pursuant thereto, Defendant's response to Plaintiff's Complaint was due on or before February 17, 2022. *See* [D.E. 4].

4.      On February 4, 2022, Plaintiff filed an Amended Complaint, seeking the same relief alleged in Plaintiff's initial Complaint. *See* [D.E. 6].

5.     Defendant was served with the Amended Complaint on February 28, 2022. Pursuant thereto, Defendant's to Plaintiff's Amended Complaint was due on or before March 14, 2022. *See* [D.E. 7].

6.     On April 13, 2022, Plaintiff filed a Motion for Clerk's Entry of Default due to Defendant's to respond to Plaintiff's Amended Complaint. *See* [D.E. 12].

7.     On April 14, 2022, the Clerk entered default against Defendant due to Defendant's "failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." *See* [D.E 13].

8.     Now, Plaintiff hereby seeks clerk's entry of final default judgment against Defendant for the relief sought in Plaintiff's Amended Complaint.

## ARGUMENT

### A. Factual Allegations Established Defendant's Liability

By virtue of the Clerk's entry of default against Defendant, Defendant has admitted to the well-pleaded allegations of fact set forth in Plaintiff's Amended Complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see also Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated") (citation omitted). Additionally, "[a] default judgment awarding damages may be entered without a hearing where 'the amount claimed

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, including the district courts in the circuit. *See Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)

is a liquidated sum or one capable of mathematical calculation.'" *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016).

Specifically, Defendant has admitted the following well-pleaded allegations as true:

- Defendant entered into a commercial Promissory Note with Balanced Bridge Funding ("BBF"). *See* [D.E. 6, at ¶ 5].

- The Promissory Note was properly assigned to Plaintiff via purchase thereof from BBF, thereby granting Plaintiff all right, title, and interest of ownership in and to the Promissory Note, including, but not limited to, the right to enforce the terms and conditions contained therein against Defendant. *See Id.* at ¶¶ 6-7, 12.

- As of the time of assignment of the Promissory Note, Defendant owed a balance of $117,614.00 (the "Amount Owed"). *See Id.* at ¶ 8.

- Defendant is in default of the Promissory Note. *See Id.* at ¶ 13-14.

- Due to Defendant's failure to pay in accordance with the terms set forth in the Promissory Note, Plaintiff has incurred damages in the Amount Owed, plus (i) default interest calculated at the rate of 6% in addition to the interest then in effect (i.e. 15%, as stated in the Promissory Note), (ii) late fees in the amount of 10% of the past due amount, and (iii) all costs of enforcement, including, but not limited to, attorney's fees and costs. *See Id.* at ¶ 10, 15-16.

The admitted allegations support Plaintiff's claim for breach of contract. See *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."). As such, pursuant to the Clerk's entry of default, Defendant has committed a breach of the terms and conditions set forth in the Promissory Note.

### B. Plaintiff is Entitled to Damages

Rule 55(b) of the Federal Rules of Civil Procedure states either the Clerk or Court may enter final default judgment. Specifically, Rule 55(b)(1) states:

*If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the*

*amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person*

The Court must determine damages because the admitted facts establish liability. *See Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890 at *5, (S.D. Fla. Aug. 30, 2011). An evidentiary hearing on damages is not required where the essential evidence is on record. Here, Plaintiff's declaration of damages (*see* Affidavit in Support of Default Final Judgment) sets forth the amount of damages owed as a result of Defendant's breach of the Promissory Note. *See, e.g. Venus Concept USA Inc. v. Vitahydr8, LLC*, 2022 WL 204685 at *2 (S.D. Fla. Jan. 24, 2022) (accepting plaintiff's declaration of damages for the purpose of determining default final judgment for breach of Subscription Agreement).

Based upon the foregoing, Plaintiff is entitled to damages in the amount of **$136,319.02**, plus attorney's fees and costs in the amount of **$8,015.00.** *See* Declaration of Attorney's Fees and Costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.  Enter Final Default Judgment against Defendant, Kemar Lawrence;

B.  Award damages in the amount of $136,319.02;

C.  Award attorney's fees and costs in the amount of $8,015.00;

D.  Award post-judgment interest on the judgment amount; and

E.  Award other and further relief as the Court may deem just and appropriate.

Dated: May 10, 2022                                         HEITNER LEGAL, P.L.L.C.

                                                            By: /s/ Darren A. Heitner
                                                            Darren A. Heitner, Esq.

215 Hendricks Isle
Fort Lauderdale, FL 33301
Tel: 954-558-6999
Fax: 954-927-3333
Darren@HeitnerLegal.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF and via electronic mail this 10th day of May, 2022 to:

Kemar Lawrence
kemarballa@gmail.com

*Defendant*

By: /s/ Darren A. Heitner
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@HeitnerLegal.com