UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61538-CIV-SMITH

SURE SPORTS, LLC

        Plaintiff,

vs.

KEMAR LAWRENCE,

        Defendant.

_____/

### ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

This cause is before the Court upon Plaintiff's Motion for Default Final Judgement ("Motion") [DE 14]. Plaintiff seeks final default judgment against Defendant, Kemar Lawrence ("Lawrence"). On February 28, 2022, Lawrence was served with a copy of the Amended Complaint [DE 6]. Lawrence did not respond to the Amended Complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 14, 2022, the Clerk entered a default against Lawrence for failure to answer or otherwise plead to the Complaint within the time required. (*See* DE 13.)

Thereafter, on May 10, 2022, Plaintiff filed the Motion seeking a default judgment against Lawrence. Again, Lawrence failed to respond. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citation omitted). However, "before entering a default *judgment*. . ., the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the

default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original).

In the Amended Complaint, Plaintiff seeks to enforce a Promissory Note Lawrence issued to Balance Bridge Funding ("BBF"). BBF sold, transferred, and assigned the Note to Plaintiff. Plaintiff alleges that at the time BBF assigned the Promissory Note, Lawrence had already breached the agreement, was in default, and owed a balance of $117,614.00. Paragraph 13 of the Promissory Note states in pertinent part:

> 13. Costs of Enforcement. Borrower agrees to pay all costs of enforcement of the terms of this Promissory Note and the costs of enforcement of the terms of any of the Financial [T]ransaction Documents and costs of collection, including reasonable attorneys' fees, that Lender incurs in connection with any default hereunder or under any of the Financial transaction Documents (whether before or after any cure). Additionally, Borrower agrees to pay all costs, fees and expenses, including reasonable attorneys' fees, that Lender incurs, before or after any default, in endeavoring to protect, enforce and realize on this Promissory Note or any one of the Financial transaction Documents or as result of any litigation or other action in which Lender becomes involved as a party, witness or otherwise as a result of or in any way relating to this Promissory Note, and of the Financial transaction Documents or the Loan being made to Borrower. Any and all such costs paid or incurred by Lender shall bear interest at the same rate set forth herein for the principal balance due hereunder and shall become due and payable immediately upon demand by Lender.

(Promissory Note [DE 1-3] ¶ 13.)  Plaintiff alleges that in addition to the $117,614, Defendant is liable for (i) default interest calculated at the rate of 6%, in addition to the interest then in effect (5%, as stated in the Promissory Note) and (ii) late fees in the amount of 10% of the past due amount, amounting to $136,319.02. Plaintiff also seeks all costs for enforcing the Promissory Note, including, but not limited to, attorney's fees ($4,575) and costs ($3,440) amounting to $8,015.00. (*See* Heitner Aff. at DE 14-1). Plaintiff requests that the Court award final default judgment in the amount of $144,334.02.

Plaintiff supports the allegations in the Amended Complaint with copies of the Promissory Note and Note Purchase and Sale Closing Agreement. The Motion is supported by the affidavit of Plaintiff's President, Leon McKenzie, confirming the amount owed by Lawrence exclusive of attorney's fees and costs and the affidavit of Plaintiff's counsel, David Heitner, confirming the amount owed by Lawrence for attorney's fees and costs. Based on Lawrence's default and the terms of the Promissory Note, Plaintiff has a substantive, sufficient basis in the pleadings to establish Plaintiff's claim for breach of contract and for damages in the amount of $144,334.02. Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion for Default Final Judgment [DE 17] is **GRANTED**:
2. In accordance with Federal Rule of Civil Procedure 58, a separate final judgment will be entered for $144,334.02.
3. All pending motions not otherwise ruled upon are **DENIED** as moot.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of October 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record